# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2198 | **DATE** | 10/21/2011 |
| **CASE TITLE** | Perry, et al. vs. M.O.B. Music Incorporated, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs/counter-defendants, Willie Perry, Jr. and Jerome Haywood, move to dismiss the counterclaim filed by defendants, M.O.B. Music, Inc. and Kapiece Tyrus, for failing to state a claim of fraud pursuant to Rule 12(b)(6) and Rule 9(b). For the reasons stated herein, Plaintiff's Motion to Dismiss [32] is granted.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Prevailing on a motion to dismiss requires a complaint to allege sufficient factual matter, that when accepted as true and viewed in the light most favorable to the claimant states a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). *Federal Rule of Civil Procedure* 9(b) requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). In this district, pleading with particularity means stating who, what, when, where and how of the alleged fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Perry and Haywood argue that M.O.B Music and Tyrus fail to allege common law fraud against them with sufficient particularity to satisfy Rule 9(b). M.O.B. and Tyrus respond that the counterclaim alleges fraud by Perry and Haywood on the Copyright Office, rather than common law fraud. The fact that Perry and Haywood misinterpreted the type of fraud the counterclaimants were alleging is evidence that M.OB. and

**STATEMENT**

Tyrus indeed fail to plead fraud with particularity. M.O.B. and Tyrus acknowledge in their response brief that Perry and Haywood "entirely misunderstand the gist of the counterclaims stated." (Dkt. 44, p. 2.)

"A party alleging fraud on the Copyright Office must allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud that office and that the Copyright Office would have probably denied the application if it had been made aware of the undisclosed information." *Lambert v. Pem-America, Inc.*, 2004 U.S. Dist. LEXIS 1821 (N.D. Ill. Feb. 10, 2004) (citing *O.T. Pickell Buildings, Inc. v. Witowski*, 1998 U.S. Dist. LEXIS 14936, Case No. 96 C 4233, 1998 WL 664949 at *5; *see also Whimsicality, Inc. v. Rubie's Costume Co., Inc*., 891 F.2d 452, 456 (2d Cir. 1989). Here, the counterclaim alleges generally that Perry and Haywood's claims of copyright are invalid, improper, meritless and fraudulent. Because M.O.B. and Tyrus fail to allege fraud on the Copyright Officer by Perry and Haywood with sufficient particularity to satisfy Rule 9(b), the counterclaim is dismissed without prejudice for failure to state a claim.