IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE PERRY, JR., and<br>JEROME HAYWOOD,<br><br>    Plaintiffs,<br><br>v.<br><br>M.O.B. MUSIC INCORPORATED, d/b/a<br>M.O.B. MUSIC PUBLISHING<br>INCORPORATED, MOB MUSIC<br>PUBLISHING, MOB MUSIC<br>PUBLISHING COMPANY,<br>and M.O.B. RECORDS INC.;<br>MARVEL THOMPSON;<br>and KAPIECE TYRUS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Judge Sharon Johnson Coleman<br>)<br>)<br>)   1:11-cv-2198<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' COUNSELS' PETITION FOR ADJUDICATION OF
THE RIGHTS OF
DEFENDANTS M.O.B. MUSIC AND KAPIECE TYRUS
VERSUS THEIR COUNSEL
AND FOR ENFORCEMENT OF ATTORNEYS' LIENS FOR $36,885.16,
PURSUANT TO 770 ILCS 5/1

Counsel of record for defendants M.O.B. MUSIC, INC., and KAPIECE TYRUS respectfully petition the Court under 770 ILCS 5/1 (text at Ex. 1, attached) for adjudication of their right to payment of their attorney fees in this and the related, prior state court matter among the same parties.

Briefly, in support of this Petition for adjudication and enforcement of COUNSEL'S NOTICE OF ATTORNEYS' LIEN ..., attached as Ex. 2 with documentary Exs. A-E, Counsel states as follows. Defendant Tyrus agreed for herself and her company, M.O.B. Music, that counsel Mr. Lohman and then also Mr. Crossan would represent her and MOB in defending

them against claims of plaintiff(s) to author's and performers' royalties for the popular dance music *Cha Cha Slide* and related works. She signed representation agreements with Mr. Lohman (Ex. 2-B) and paid him a $5100 retainer, and she consented to Mr. Crossan's representation agreement and paid him a retainer of $2000 (Ex. 2-D). Ms. Tyrus has paid nothing further during the course of the prior Cook County suit or this federal litigation to either counsel since meeting the retainer requirements. She has however made no specific objection to the work done or to the amounts billed to her by counsel, despite repeated invitations to discuss the statements with counsel.

The case is now settling favorably to Ms. Tyrus and her company. Monies are owed to her by her own registered Performing Rights Organization, ASCAP, including monies held by Plaintiffs' representative, BMI, and which are soon to be paid to ASCAP and then by ASCAP to her and MOB. Counsel is at present unsure of the amounts of those monies held by ASCAP, but expect that at least $18,000-some is due from BMI and a similar amount from ASCAP. Continuing royalties will also be paid as the music continues to be played in the USA and reported to BMI and ASCAP.

On February 27, 2012, undersigned counsel sent by email and by certified USPS mail, to counsel for each Plaintiff in Chicago and to BMI and ASCAP personnel in New York City, the attached Notice of Attorneys' Lien (Ex. 2 hereto), with attachments documenting the claims of counsel. A certified USPS envelope with the notice and attachments also was sent the same day to pro se co-defendant Mr. Thompson, the federally incarcerated husband of Ms. Tyrus. Return receipts have been received from local Plaintiffs' counsel, and we have been in touch with BMI and ASCAP counsel via email

The five days required by 770 ILCS 5/1, 2nd paragraph (Ex. 1 hereto), between the February 27 notice of this claim are up on March 5, so this March 7 hearing is sufficient for adjudication and enforcement of counsels' attorneys' lien in the circumstances. Five days' notice also is provided to Plaintiffs, via their counsel, of presentment and hearing of this petition, from March 1 to March 7, weekends excepted. Notice of this claim is given to Ms. Tyrus for her and MOB Music this 1st day of March, 2012, via email, so the March 7 hearing is timely for that purpose, too, should she be considered adverse. Detailed billing statements of each counsel will be available at the hearing for consideration by the Court and Ms. Tyrus, should she appear. A proposed Order is attached as Ex. 3 for the Court's consideration and entry.

The underlying case, being settled by agreement among the parties, may be dismissed on motion of the parties, yet the Court's Order on this Petition will survive the dismissal for enforcement of the attorneys' lien. See Magistrate-Judge Denlow's article, referenced on this Court's web page.

Dated: March 1, 2012

Respectfully submitted,
Counsel for M.O.B. Music, Inc. and
  Mrs. Kapiece Tyrus,
    Defendants and Counterclaim Plaintiffs

By: s/John R. Crossan/
CROSSAN IP LAW, LLC
444 N. Michigan Ave., #2600
Chicago, IL 60611-3903
Telephone: 312-670-6860
Fax: 312.264-0770
Email: jrc@crossaniplaw.com

Robert G. Lohman, Jr.
LOHMAN LAW OFFICES
3310 N Harlem Ave., #107
Chicago, IL 60634

Telephone: 773-889-7451
Fax: 773-889-7452
Email: justice@lohmanlaw.net

## EXHIBITS ATTACHED

770 ILCS 5/1 text .................................................................................... 1

COUNSELS' NOTICE OF ATTORNEYS' LIEN ... .............................. 2
    Lohman Law Office Statement, for $20,760.16 due .......................... A
    Lohman Agreements with Kapiece Tyrus, M.O.B. Music ................. B
    Crossan IP Law Statement, for $16,125.00 due ................................ C
    Crossan IP Law Agreement with Kapiece Tyrus ............................... D
    Settlement Agreement resolving the litigation, with pay splits .......... E

PROPOSED ORDER ON THIS PETITION ............................................ 3

## CERTIFICATE OF SERVICE

A true copy of the foregoing document and exhibits attached is being served on each counsel for Plaintiffs and to pro se Defendant Mr. Marvel Thompson via the Court's CM/ECF system, this 1st day of March, 2012.

                                        s/ John R. Crossan
                                        Petitioner and Counsel for M.O.B. Music, Inc.,
                                          and for Mrs. Kapiece Tyrus, Defendants and
                                          Counterclaim Plaintiffs